JAMES ARCHER, plaintiff in error, vs. JOHN M. GREER, administrator of ROBERT CARVER, for use of D. H. WILCOX & Co., defendant in error.

NOTE. WARNER, C. J., did not preside in this case.

An agent of persons residing out of the county where the suit is pending, acting under a *del credere* commission, and to whom, or his order, defendant's note, sued on, is payable, under the Act of the 15th of December, 1866, is to be deemed as an original party to the contract, and as such is competent to testify.

Complaint.    Evidence.    Tried before Judge COLE.    Macon Superior Court.    March Term, 1867.

Plaintiff in error was sued by defendant in error on a promissory note for $67.50, made 1st March, 1861, by said Archer, with D. A. Smith as security, payable to said deceased.    The plea was failure of consideration.    Upon the trial, after the note had been read in evidence, Archer proved by John M. Greer, that he was the administrator of said deceased, that deceased was the agent of D. H. Wilcox & Co., and as such agent, sold to Archer Phoenix guano, which was the consideration of said note.

Archer then offered to swear in his own behalf, that the article sold to him as guano was not guano, and was wholly worthless.

Objection was taken upon the ground that Carver, with whom he contracted, was dead.

The Court sustained the objection.    Thereupon a verdict was taken against Archer.

He assigns error upon the rejection of his testimony.

HALL & FISH, attorneys for plaintiff in error.

W. H. ROBINSON, attorney for defendant in error.

HARRIS, J.

The bill of exception alleges error in the circuit Judge, in refusing to allow him (defendant below,) to become, on his

own motion, a witness in his own behalf to support his plea of failure of consideration. Until the act of the Legislature of 1866, parties were not authorized to give testimony in their own behalf, and by it only in certain circumstances. The question here is, could Archer be a witness as the case was situated. The facts are, that Carver, to whom the note was made payable, and of whom the purchase of the fertilizer was made, is *dead*,—that Greer, the plaintiff in the suit, is his administrator. In a case thus situated, the surviving party is not allowed to testify for himself. The fact drawn out by the examination of Greer, that Carver was the agent of Wilcox & Co. of Augusta, to sell the guano for them, cannot change the rule—as *Carver was an agent with a del-credere commission, and having taken the note payable to himself,* he should be deemed, in giving a fair interpretation to the act of 1866, as an original party to the contract and competent to have testified, had he been alive.

Judgment affirmed.